Filed 7/30/24  Regional Medical Center of San Jose v. County of Santa Clara CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| REGIONAL MEDICAL CENTER OF SAN JOSE et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> COUNTY OF SANTA CLARA, <br><br> Defendant and Respondent. | H050491 <br> (Santa Clara County <br> Super. Ct. No. 20CV374597) |

**THE COURT[1]**

A dispute arose between appellants Regional Medical Center of San Jose and Good Samaritan Hospital (Hospitals) and respondent County of Santa Clara (County), doing business as Valley Health Plan (VHP), over reimbursement of emergency and post-stabilization services the Hospitals provided to patients insured through VHP.  The trial court entered judgment in favor of the County after sustaining the County's demurrer to the operative complaint without leave to amend, in part on the theory that the County had immunity from the Hospitals' claims under the Government Claims Act (Gov. Code, § 810 et seq.).  After the Hospitals appealed, the California Supreme Court issued its opinion in *County of Santa Clara v. Superior Court* (2023) 14 Cal.5th 1034 (*Santa Clara*), holding that the Government Claims Act does not immunize the County from a

---

[1] Before Greenwood, P. J., Bamattre-Manoukian, J. and Wilson, J.

quantum meruit claim to enforce a statutory duty of reimbursement. Following this ruling, the parties jointly moved for summary reversal of the judgment to allow the Hospitals to proceed in the trial court consistent with the holding in *Santa Clara*. We grant the motion and reverse the judgment pursuant to the stipulation of the parties.

## I. PROCEDURAL BACKGROUND

After the trial court sustained the County's demurrers to the original and first amended complaint with leave to amend, the Hospitals filed the operative second amended complaint, alleging causes of action for breach of implied contract related to both emergency services and post-stabilization services, breach of contract by assignment, violation of several provisions of the Health and Safety Code and Code of Civil Procedure, and declaratory relief.[2] Relevant to this appeal, the Hospitals alleged that the County had failed to reimburse them the "reasonable and customary value" of the services they rendered to patients enrolled in VHP, as required by the Knox-Keene Act (Health & Saf. Code, § 1340 et seq.).[3]

The County demurred to the second amended complaint, arguing in part that the Hospitals did not state claims for relief for the two causes of action for breach of implied

---

[2] Pursuant to the order sustaining the demurrer to the first amended complaint, the Hospitals removed two additional causes of action for recovery of services rendered and unfair business practices from the second amended complaint, but reserved the right to reallege the causes of action based on further proceedings in the trial court or on appeal. In their stipulated motion to reverse or vacate the judgment, the parties indicate that the causes of action made relevant by the Supreme Court's decision in *Santa Clara* are the two causes of action for breach of implied contract, and the cause of action for declaratory relief. Therefore, we limit the remainder of our discussion to those causes of action.

[3] "[S]tate and federal laws require hospitals and other medical providers to provide emergency medical services regardless of the patient's insurance status or ability to pay. [Citations.] If the patient is enrolled in a health care service plan, the Knox-Keene Act requires the plan to reimburse the medical provider for providing such emergency care. [Citation.] If no contract exists between the plan and medical provider, the plan must pay the 'reasonable and customary value' of the emergency care provided. [Citation.]" (*Santa Clara*, *supra*, 14 Cal.5th at p. 1039.)

contract, and that the County would be immune from such claims under Government Code section 815,[4] as they were predicated on quantum meruit or restitution considerations.[5] The County argued that the court should sustain the demurrer to the cause of action for declaratory relief as a derivative claim, assuming it sustained the demurrer as to the other causes of action. The trial court agreed that Government Code section 815 precluded the Hospitals' claims for breach of implied contract. Because the Hospitals did not identify "any new facts that they could plead that would change the legal effect of the pleading," the court sustained the County's demurrer as to the two causes of action for breach of implied contract without leave to amend. It also sustained the demurrer as to the cause of action for declaratory relief without leave to amend, finding it derivative of the other causes of action. The court entered judgment in favor of the County in accord with the order sustaining the demurrer. The Hospitals timely appealed from the judgment.

The Supreme Court thereafter issued its decision in *Santa Clara*. It held, "The immunity provisions of the Government Claims Act are directed toward tort claims; they do not foreclose liability based on contract or the right to obtain relief other than money or damages. (Gov. Code, § 814.) The [appellant hospitals] have not alleged a conventional common law tort claim seeking money damages. Instead, they have alleged

---

[4] "Except as otherwise provided by statute: [¶] (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person. [¶] (b) The liability of a public entity established by this part (commencing with Section 814) is subject to any immunity of the public entity provided by statute, including this part, and is subject to any defenses that would be available to the public entity if it were a private person." (Gov. Code, § 815.)

[5] " 'Quantum meruit refers to the well-established principle that "the law implies a promise to pay for services performed under circumstances disclosing that they were not gratuitously rendered." [Citation.] To recover in quantum meruit, a party need not prove the existence of a contract [citations], but it must show the circumstances were such that "the services were rendered under some understanding or expectation of both parties that compensation therefor was to be made." ' [Citation.]" (*Santa Clara*, *supra*, 14 Cal.5th at pp. 1049-1050.)

3

an implied-in-law contract claim based on the reimbursement provision of the Knox-Keene Act, and seek only to compel the County to comply with its statutory duty." (*Santa Clara*, *supra*, 14 Cal.5th at p. 1053.) Upon determining that "the Government Claims Act does not immunize the County from the [appellant hospitals'] action for reimbursement as mandated by . . . the Knox-Keene Act," the Supreme Court remanded the matter to the trial court for further proceedings. (*Id.* at p. 1056.)

Subsequently, the Hospitals filed their appellants' opening brief and appendix in this appeal, asking this court to reverse the trial court's order in light of the holding in *Santa Clara*. They indicated that the County agreed the *Santa Clara* decision required reversal, but they alleged the County wanted this court to make specific rulings as to each cause of action alleged in the operative complaint. The Hospitals argued that such rulings were not necessary. While the County did file a respondent's brief asking this court to "affirm in-part" as to the causes of action not affected by the *Santa Clara* decision, the parties contemporaneously filed a stipulated motion to reverse or vacate the judgment. In the motion, the parties agree that, if we grant the motion, the Hospitals will file a third amended complaint alleging only three causes of action: two implied-in-law contract claims for the reasonable value of emergency services and post-stabilization services, and one cause of action for declaratory relief.

## II. DISCUSSION

The parties' stipulated motion supports the conclusion that a summary reversal pursuant to stipulation is appropriate under the facts of this case and the law. (See Code Civ. Proc., § 128, subd. (a)(8).)[6] For the reasons stated in the motion, the court finds that there is no possibility that the interests of nonparties or the public will be adversely affected by the reversal. Summary reversal of the judgment will place the parties in the

---

[6] We do not address the issues raised in appellants' opening brief and respondent's brief as they were apparently filed by the parties to state their positions on appeal if we do not grant the stipulated reversal.

same position they would be in if the appeal were successfully prosecuted to completion, and will save both private and judicial resources because it will obviate the need for additional briefing by the parties and review of the record by this court. The public interest is served by a speedy resolution of this appeal because it will conserve judicial resources.

This court further finds that the parties' grounds for requesting reversal are reasonable and prudent in light of our Supreme Court's decision in *Santa Clara*. The parties both correctly recognize that the reversal of the judgment as set forth in the stipulated motion resolves the remaining issues in the appeal. These grounds outweigh the erosion of public trust that may result from the nullification of a judgment and outweigh the risk that the availability of a stipulated reversal will reduce the incentive for pretrial settlement. Public trust in the courts is enhanced, not eroded, when parties agree that further litigation is unnecessary. (See *Union Bank of Cal. v. Braille Inst. of Am.* (2001) 92 Cal.App.4th 1324.)

### III.    DISPOSITION

The October 18, 2022 judgment is reversed pursuant to the stipulation of the parties. The parties shall bear their own costs on appeal. The remittitur shall issue forthwith.